IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3256-F

| | | |
|---|---|---|
| EFRAIM IBARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK L. PERRY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On October 1, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson,

521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As an initial matter, Plaintiff has filed a motion to amend his complaint [DE-10]. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). Defendants have not yet been served in this matter, and therefore have not filed a responsive pleading. Accordingly, Plaintiff's motion to amend [DE-10] is ALLOWED.

Plaintiff contends that Defendants have denied him a "lower custody classifications . . . [and] institutional privileges" as a result of a federal immigration detainer issued pursuant to 8 C.F.R. § 287.7. Compl. [DE-1], pp. 1-2. Section 287.7 states, in pertinent part, that:

> [a]ny authorized immigration officer may at any time issue a Form I–247, Immigration Detainer—Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a).

Plaintiff's allegations fail to state a viable claim. "[A] Form I-247 detainer is merely a request, not a directive, for law enforcement agencies to inform the Department of Homeland Security of a pending release date for the person for whom a detainer has been issued." Lucatero v.

2

Haynes, No. 1:14-CV-255-FDW, 2014 WL 6387560, at *2 (W.D.N.C. Nov. 14, 2014) reconsideration denied, No. 1:14-CV-255-FDW, 2014 WL 6751575 (W.D.N.C. Dec. 1, 2014). "Thus, the issuance of a Form I–247 detainer does not in and of itself implicate federal constitutional concerns." Id. at *3. Likewise, Plaintiff's claims related to his classification level fail because prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (finding that there is no constitutional right under the Due Process Clause to a particular security classification or prison placement); Lucatero, 2014 WL 6387560, at *3 ("Plaintiff has not shown that his due process or other constitutional rights were violated by the fact that his security classification changed from minimum to medium as a result of the Form I–247 detainer being issued against him or that he may have been unable to participate in certain rehabilitative programs."). Accordingly, Plaintiff's complaint is DISMISSED as frivolous.

## Conclusion

For the aforementioned reasons, Plaintiff's motion to amend [DE-10] is ALLOWED. However, his complaint is DISMISSED as frivolous and his pending motion for a temporary restraining order [DE-8] is DENIED AS MOOT. The Clerk of Court is directed to close this case.

SO ORDERED. This the 3ʳᵈ day of March, 2015.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

3